Filed 11/3/21  P. v. Bland CA2/2
Opinion following order vacating prior opinion

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAMES BLAND,<br><br>        Defendant and Appellant. | B302262<br><br>(Los Angeles County<br>Super. Ct. No. TA080626) |

APPEAL from an order of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant and appellant James Bland (defendant) appeals from the summary denial of his petition for resentencing under Penal Code section 1170.95.[1]  In our original unpublished opinion filed June 17, 2021, we affirmed the summary denial after approving the procedure followed by the trial court.  The California Supreme Court granted review and by order dated September 1, 2021, transferred the matter back to this court with instructions to vacate our prior decision and reconsider the cause in light of the recently published *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

We have reviewed the parties' supplemental briefs and upon reconsideration, we agree with defendant that the trial court erred in summarily denying the petition without appointing counsel and permitting briefing upon his filing a petition that alleged all the requirements for relief under the statute. However, we find the error harmless and again affirm the order.

## BACKGROUND

**The 2007 murder conviction**

In 2007, defendant was convicted of first degree murder in violation of section 187, subdivision (a).  The jury found true the allegations that a principal personally used and discharged a firearm and intentionally discharged a firearm causing great bodily injury and death within the meaning of section 12022.53, subdivisions (b), (c), (d), and (e)(1).  The jury also found that the murder was gang-related as alleged under section 186.22, subdivision (b)(1)(A).  The trial court sentenced defendant to a

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

2

total term of 50 years to life in prison, comprised of 25 years to life for the murder and 25 years to life for the firearm enhancement pursuant to section 12022.53, subdivision (d).  The judgment was affirmed on appeal in *People v. Bernoudy* (Oct. 31, 2008, B200994) (nonpub. opn.) (the appellate opinion).

**Trial evidence**

The evidence summarized in the appellate opinion showed that in 2005, defendant, a Blood gang member, his friend and codefendant Pablo Bernoudy, a Crips gang member, and defendant's girlfriend Theasa Wandick all traveled from Los Angeles to Bakersfield where they visited Wandick's friend Dawayna Phillips, who was married to a former Crips gang member, Dominguez Prince.  Along the way defendant showed Wandick his gun.  When they arrived, Phillips asked him to put the gun away.  Defendant, who claimed he never went anywhere without his gun, handed it to Bernoudy.  Later the gun was put under the seat of Wandick's car.  During their stay the three friends heard from Phillips about Prince's physical abuse of her, which they also witnessed firsthand.  Out of Prince's presence defendant, with his gun in his lap, told Phillips that if his sister had a boyfriend who mistreated her he would kill him.

The next day defendant and Bernoudy accompanied Prince to a liquor store.  Prince became angry with Bernoudy, and defendant told Prince, "I'm not going to let you fuck with my homie."  When they returned to the apartment Prince punched his wife because she had not prepared food.  Prince then grabbed Wandick by the throat when she went to her friend's aid and told defendant, "Come get your girl."  Phillips left with Wandick, defendant and Bernoudy, and told them that she wished Prince would die.  Defendant and Bernoudy then offered to kill him.

When Phillips declined the offer defendant offered to pistol whip him instead. When the group returned to the apartment Prince hit Wandick in the face and knocked her unconscious.

Later defendant and Bernoudy accepted Prince's offer of a ride back to Los Angeles. The men were accompanied by the two women and five children. During the drive defendant and Bernoudy whispered to each other and Bernoudy wrapped his hand in his shirt to wipe down the door handle and window switch of the car. In Los Angeles defendant asked Prince to make two stops. At the second stop defendant and Bernoudy got out of the car and stood together at the driver's side and Bernoudy shot Prince in the head four times. Bernoudy and defendant then ran away. Bernoudy used the same revolver that defendant had passed to him at Phillips's apartment the previous day. Both Wandick and Phillips witnessed the shooting and testified at defendant and Bernoudy's trial.

**The 1170.95 petition**

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95 and requested appointment of counsel. On October 28, 2019, after a review of the court's file and the appellate opinion, the trial court found defendant ineligible for relief under section 1170.95 and summarily denied the petition. In particular the trial court reviewed the felony complaint and information, jury instructions given at trial, the court's minutes reflecting the verdicts, and the appellate record, including the appellate opinion.[2]

---

[2] Most but not all of the documents cited by the trial court are included in the appellate record. We also granted respondent's request to take judicial notice of portions of the appellate record in *People v. Bernoudy, supra*, B200994, including

4

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.), which amended sections 188 and 189 to eliminate murder based on the natural and probable consequences doctrine and to narrow the scope of the felony-murder rule. (*Lewis, supra,* 11 Cal.5th at p. 957, citing §§ 188, subd. (a)(3), 189, subd. (e), as amended by Sen. Bill No. 1437.) The Legislature also added section 1170.95 to provide convicted murderers with a procedure to obtain retroactive relief if they could not be convicted under the amended laws. (*Lewis*, at p. 957.) A person is entitled to relief under section 1170.95 if he was convicted of felony murder or murder under the natural and probable consequences theory and all of the following conditions apply: (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first degree or second degree murder following a trial," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

In *Lewis*, the California Supreme Court held that upon the filing of a petition alleging all the enumerated conditions for relief under section 1170.95, the statute requires the trial court to take the allegations as true, appoint counsel if requested, and

the verdict forms, jury instructions given, the information, and the transcript of the prosecutor's closing argument.

entertain briefing, regardless of whether the record of conviction demonstrates that the defendant is not entitled to relief. (*Lewis, supra,* 11 Cal.5th at pp. 957, 962-963, 971-972; see § 1170.95, subds. (b), (c).) After the appointment of counsel and consideration of the parties' briefs, the court may review the record of conviction to determine the truth of the allegations in the petition and to aid the court in assessing whether a petitioner has made a prima facie showing. (*Lewis*, at pp. 957, 972.) If no such showing is made the petition may be summarily denied. But if made the court must then issue an order to show cause and schedule a hearing. (*Ibid*.) At the show cause hearing the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for section 1170.95 relief. (§ 1170.95, subd. (d)(1) & (3).)

Defendant's petition set forth the required averments and included a request for the appointment of counsel. The petition was thus facially compliant and the trial court prematurely denied it. (See *Lewis, supra*, 11 Cal.5th at pp. 957, 960-961.) Also, to the extent the court engaged in factfinding to conclude that defendant was a major participant in a felony acting with reckless indifference to life, that was error. "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.)

Error in denying a facially sufficient petition without the appointment of counsel and the opportunity for briefing is tested for prejudice under the standard of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis, supra*, 11 Cal.5th at pp. 957-958.) Under that test, defendant "must . . . 'demonstrate there is a

6

reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' [Citations.] More specifically, a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id.* at p. 974; accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 678, review granted Feb. 24, 2021, S266336.) Once counsel has been appointed and has had the opportunity to file a brief, it is then appropriate for the trial court to review the record of conviction to assist it in assessing whether defendant has made a prima facie showing of eligibility under section 1170.95. (*Lewis, supra*, at pp. 957, 971-972.) Thus, it is defendant's burden to show a reasonable probability that such a review would have demonstrated a prima facie showing of eligibility for relief under the statute.

Defendant contends that the error is not harmless because counsel could have assisted him in asserting a prima facie case in the trial court by pointing to relevant and necessary parts of the record that supported the petition, including disputed issues of fact requiring an evidentiary hearing. As we construe defendant's contention, it is essentially that the trial court's error is prejudicial because it was error, and but for the error, appointed counsel could have made a prima facie showing of eligibility under the statute. Defendant has, however, offered no hint as to how there might be a reasonable probability that counsel could have accomplished that task.

As respondent observes there is no reasonable probability that defendant would have been able to make a prima facie showing for relief, even if counsel had been appointed. Error in

7

denying a facially sufficient petition prior to the appointment of counsel is harmless if the record of conviction, including jury instructions, shows that defendant is ineligible for relief as a matter of law. (*People v. Daniel*, *supra*, 57 Cal.App.5th at pp. 675, 677, review granted.) Where no instructions were given on felony murder or murder under the natural and probable consequences doctrine, the petitioner "is not '[a] person convicted of felony murder or murder under a natural and probable consequences theory,' and he is therefore ineligible for relief as a matter of law." (*Id*. at p. 677; see § 1170.95, subd. (a).) Defendant's jury was instructed with CALCRIM Nos. 400 and 401 regarding direct aiding and abetting and did not receive instructions regarding felony murder or the natural and probable consequences doctrine, such as CALCRIM No. 540B or CALCRIM No. 403.

Moreover defendant was charged and convicted of first degree murder with malice aforethought, and no underlying felony or target offense was identified in the felony complaint, the information, the verdict or the prosecution's argument. Without an underlying felony or target offense neither felony murder nor the natural and probable consequences doctrine would have been viable theories when the defendant was convicted. (See Stats. 2002, ch. 606, § 1 [felony murder]; *People v. Prieto* (2003) 30 Cal.4th 226, 252 [natural and probable consequences doctrine].) Thus, it cannot be said that defendant "'could not be convicted of first degree or second degree murder *because of changes to Section 188 or 189 made effective January 1, 2019.*'" (*People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1168, quoting § 1170.95, subd. (a)(3).) Under these circumstances, as defendant is ineligible for relief under section 1170.95 as a matter of law and

cannot make a prima facie showing of eligibility under the statute, the erroneous summary denial of his petition is harmless.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

_____, J.
CHAVEZ

We concur:


_____
ASHMANN-GERST, Acting P. J.


_____, J.
HOFFSTADT